## Walker's Estate.

*Wills—Devise—Legacy.*

Where a testator devises land to one person with a direction that if the devisee shall at any time sell the land for an amount in excess of a sum named, the overplus should be paid to another person, and the devisee dies without having sold the land, whatever interest the other person had under the will, comes to an end.

Argued Oct. 28, 1907. Appeal, No. 16, Oct. T., 1907, by Oliver F. Bostwick, from decree of O. C. Allegheny Co., May T., 1905, No. 189, dismissing petition for citation in Estate of Edward G. Walker, deceased. Before Mitchell, C. J., Fell, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Petition for citation.

The petition prayed the court to award a citation to Charles Marthens, Mrs. Samuel Aldrich, Charles Marthens, Jr., William Marthens, Walker Marthens, Lida Marthens and Louis Kabel and Charles Marthens, executor of Edward G. Walker, to appear and show cause why the amount of a legacy to Mrs. Mary E. Bostwick should not be ascertained and payment made to petitioner, and in default of payment to show cause why certain property should not be sold and said legacy paid, and for such other relief as the court may deem proper and just.

The facts appear by the opinion of the Supreme Court.

The court in an opinion by Hawkins, P. J., dismissed the petition.

· *Error assigned* was the decree of the court.

*Morton Hunter*, for appellant.

*J. McF. Carpenter*, with him *Geo. N. Chalfant, J. E. Mc-Kelvy* and *J. Merrill Wright*, for appellees.

PER CURIAM, November 11, 1907:

The testator devised a house to Mrs. Marthens "with the provision that if she should at any time sell the said property for over $5,000 the overplus to be paid over and given to Mrs. M. E. Bostwick." This is a perfectly plain and simple devise of the house to Mrs. Marthens, with a pecuniary legacy to Mrs. Bostwick, contingent on the sale of the house by the devisee for more than the sum named. The legacy did not impair or incumber the fee given to the devisee and a sale by her would have carried a good title to the purchaser without regard to the amount of the purchase money. All the discussion about powers or trusts, the value of the house, etc., is outside of the case. The testator imposed no obligation on his devisee to sell, and no court had authority to do so for him, either directly or indirectly, by an inquiry into the value of the house and a demand on the devisee to account for the estimated surplus upon a supposititious sale. The devisee in her lifetime could not have been called upon either to sell or to account on the basis of a sale, and when she died without having sold, all possibility of the happening of the contingency passed and the interest of Mrs. Bostwick came to an end.

Decree affirmed.